985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gerald DANIELS, Plaintiff-Appellant,
v.
COMMUNICATIONS WORKERS OF AMERICA, LOCAL 4015, Defendant-Appellee.
 
 No. 92-1746.
 United States Court of Appeals, Sixth Circuit.
 Jan. 28, 1993.
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Gerald Daniels, pro se, appeals a district court judgment granting the defendant's motion for summary judgment in this employment discrimination case filed under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Daniels worked for Michigan Bell Telephone Company (Bell) until he was discharged in February of 1988 for unsatisfactory job performance. After his discharge, the defendant filed a grievance on Daniels's behalf. The defendant prosecuted the grievance through three steps as set forth in the union's collective bargaining agreement with Bell and, thereafter, referred the grievance to the Communication Workers of America (CWA), which body then has the responsibility and authority under the bargaining agreement for grievances at this "fourth step" of the procedure. Before referring the grievance to CWA, Bell proposed a $5,000 settlement payment to Daniels in return for a release to resolve the grievance. The CWA representative also negotiated two settlement offers, the first of which was $7,500 and the second of which was $7,600, to resolve the grievance. Daniels rejected all of these offers, after which time the CWA eventually withdrew the grievances as lacking sufficient merit to warrant arbitration. On August 24, 1988, the grievance expired without action.
 
 
 3
 On October 3, 1988, Daniels filed a discrimination charge against Local 4015 with the Equal Employment Opportunity Commission (EEOC), alleging that the Local discriminated against him based on his race, because no grievance filed by a white person "has been allowed to expire by this Local." The EEOC made a determination that the evidence obtained during their investigation did not establish a violation of Daniels's Title VII rights. On February 5, 1991, Daniels then filed this suit. The district court granted a motion filed by the defendants for summary judgment after holding a hearing on that motion. An order and judgment granting the motion was entered on May 28, 1992.
 
 
 4
 Upon review, this court concludes that the district court properly found Daniels has not established a prima facie case of discrimination under the standard set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Daniels has failed to produce sufficient evidence showing that a "comparable non-protected person" was treated better by the union Mitchell v. Toledo Hospital, 964 F.2d 577, 582-83 (6th Cir.1992).
 
 
 5
 Accordingly, the requests for counsel and for a transcript at government expense are hereby denied, and the district court's order granting the defendant's motion for summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.